JOSEPH W. CLARK et ux., Respondents, v. W. H. VERITY, Assignee, Appellant.

**Kansas City Court of Appeals, April 6, 1903.**

**Building and Loan Associations: FRAUD: USURY.** On the evidence plaintiff fails to make a case in regard to his charge of fraud in inducing him to become a member of a building and loan association and to relieve himself of his liabilities by his alleged purpose of evading the usury laws.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*Morton Jourdan* and *Conkling & Rea* for appellants.

(1)   When the loan association has become insolvent, payments on stock can not be applied as credits on a loan. The borrower must repay his loan and should present his claim for stock payments to be allowed in due course against the insolvent estate. Brown v. Archer, 62 Mo. App. 277; Price v. Loan Ass'n, 75 Mo. App. 551; Clark v. Lopp, 80 Mo. App. 542; State ex rel. v. Loan Ass'n, 80 Mo. App. 585; Woerhide v. Johnston, 81 Mo. App. 200; Clark v. Loan Ass'n, 85 Mo. App. 397; Hohenshell v. Loan Ass'n, 140 Mo. 578; Phelps v. Loan Ass'n, 80 N. W. (Mich.) 120.   (2)   Under the supplemental agreement the plaintiffs are estopped from denying that they are in reality stockholders or from going back of that settlement.   State ex rel. v. Stockton, 85 Mo. App. 477; Cover v. Loan Ass'n, 93 Mo. App. 302; Magee v. Verity, 71 S. W. 472.   (3)   Plaintiff was guilty of laches.   For eight years he held his membership receipt and paid stock dues.   Equity

and good conscience will not excuse his tardy disavowal. Murdock v. Lewis, 26 Mo. App. 234; Erskine v. Loewenstein, 82 Mo. 301; Bldg. Ass'n v. Vogeler, 7 N. P. 605; Phelps v. Loan Ass'n, 80 N. W. 120; Buker v. Ass'n, 71 N. Y. S. 610; Sanger v. Upton, 91 U., S. 56; 1 'Lindley on Partnership, 129; 1 Beach on Private Corps., sec. 67, p. 135; Railway v. Daniel, 2 Q. B. 281; Bank v. Bartlett, 71 Ga. 797.

*Platt Hubbell, George Hubbell* and *Martin Read* for respondents.

(1)   Since Clark was not a stockholder at the beginning, this supplemental agreement did not make him one.   According to Clark's undisputed evidence, with respect to the agreement between him and appellants' agent, Allen, at the time this supplemental agreement was executed, this supplemental agreement was only a part of the evasion of the usury statute. Kleimeir v. Covington B. & L., 70 S. W. 42.   (2) According to Clark's undisputed testimony, this supplemental agreement was abandoned and never recognized; never acted upon by the parties.   It is, therefore, of no force.   (3) The court did right in refusing to permit the amended answer to be filed.   Prehm v. Porter, 165 Mo. 115; Carter v. Dilley, 167 Mo. 564; Joyce v. Growney, 154 Mo. 253.   The pleadings and evidence support the decree of the chancellor below.   Equity and justice demand that it be affirmed.

ELLISON, J.—This case was submitted at same time as that of Stanley against this defendant, decided at this term, and is quite like it in all respects.   The decree in the trial court was for plaintiff.

This plaintiff became a member and stockholder of the Missouri Guarantee Savings & Building Association and borrowed of it $250 in December, 1893.   The question here, as in the Stanley case, is, whether plaintiff

became a stockholder in the association. His charge of fraud on the part of the association in inducing him to execute his papers pertaining to his membership and to become a stockholder is not only not supported by the evidence, but is wholly contradicted by his own testimony. There was no artifice or device practiced or attempted at the beginning, and throughout several years he knowingly paid his installments on stock. Plaintiff totally failed to make a case.

As to his contention that his becoming a member and stockholder of the association was for the purpose of evading the usury laws, we need do no more than refer to what was said on that head in the Stanley case. That case settles the law arising in this case adversely to plaintiff, and the decree will be reversed and cause remanded. All concur.